IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALTON MICHAEL LOOSIER | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-07-CV-0299-L |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Alton Michael Loosier, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

In 1996, petitioner pled guilty to injury to a child and was sentenced to eight years confinement, probated for 10 years, and a $1,000 fine. His probation was revoked in 2001 for an unspecified violation and petitioner was sentenced to eight years in prison. Petitioner did not appeal his conviction or probation revocation. Instead, he filed three applications for state post-conviction relief. All three application were either dismissed or denied. *Ex parte Loosier*, No. 51,572-01 (Tex. Crim. App. Mar. 6, 2002); *Ex parte Loosier*, No. 51,572-02 (Tex. Crim. App. Jun. 9, 2004); *Ex parte Loosier*, No. 51,572-03 (Tex. Crim. App. Jan. 19, 2005).[1] Petitioner then filed this action in federal district court.

---

[1] Although it is not clear from the sparse record before the court, it appears that the grounds upon which petitioner seeks federal habeas relief were presented to the Texas Court of Criminal Appeals in his third state writ.

II.

Petitioner challenges his 1996 conviction for injury to a child on the grounds that: (1) his guilty plea was unlawfully induced; (2) his conviction was the result of an illegal search and an unlawful arrest; and (3) the prosecutor withheld exculpatory evidence.

By order dated March 23, 2007, the court *sua sponte* questioned whether this case was time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner addressed the limitations issue in a written reply filed on April 11, 2007. The court now determines that this case should be dismissed on limitations grounds.

A.

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *Id.*

§ 2244(d)(2). The AEDPA statute of limitations is also subject to equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Petitioner pled guilty to injury to a child and was sentenced to eight years confinement, probated for 10 years. Judgment was entered on November 26, 1996 and no appeal was taken. Therefore, petitioner's conviction became final 30 days thereafter on December 26, 1996. TEX. R. APP. P. 26.2(a), *formerly* Tex. R. App. P. 202 (notice of appeal in criminal case must be filed within 30 days after sentence is imposed); *see also Caldwell v. Dretke*, 429 F.3d 521, 530 (5th Cir. 2005), *cert. denied*, 127 S.Ct. 431 (2006) (order placing defendant on probation or deferred adjudication community supervision is a final judgment for purposes of the AEDPA statute of limitations). Petitioner did not seek post-conviction relief in state or federal court until January 29, 2002--more than *five years* after the AEDPA limitations period expired. Under these circumstances, petitioner is not entitled to statutory tolling. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000), *cert. denied*, 121 S.Ct. 1498 (2001) (holding that state writ filed after expiration of limitations period does not toll AEDPA statute of limitations).

In an attempt to excuse this delay, petitioner alleges that he suffers from an assortment of mental disabilities, including post-traumatic stress disorder, acute depression, anxiety, and memory lapses. The Fifth Circuit has recognized that mental incompetency may support equitable tolling of the limitations period. *See Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999), *cert. denied*, 121 S.Ct. 1124 (2001). However, petitioner has failed to allege sufficient facts or adduce any evidence that his mental health problems rise to the level of mental incompetency. Nor has petitioner shown that his mental disabilities prevented him from seeking post-conviction relief during the AEDPA

limitations period. *See Heidle v. Dretke*, No. 3-04-CV-2627-D, 2005 WL 81716 at *1 (N.D. Tex. Jan. 12, 2005), *rec. adopted*, 2005 WL 465154 (N.D. Tex. Feb 28, 2005) (conclusory assertions of mental illness insufficient to justify equitable tolling of limitations period); *Hennington v. Johnson*, No. 4-00-CV-0292-A, 2001 WL 210405 at *2 (N.D. Tex. Feb. 28, 2001), *COA denied*, No. 01-10395 (5th Cir. Aug. 23, 2001) (same).[2]

Petitioner further alleges that he lacked information related to some of his claims until "late last year." (Pet. Reply at 1). Specifically, petitioner states that he only recently discovered that the presiding judge made false statements at the time of his arrest and when he was put on probation, that the prosecutor and the judge knew that he was incompetent to stand trial, and that "due diligence cannot be exercised without funding or agreement from judge that evidence need to be explored." (*See id.* at 2). Even if petitioner did not actually become aware of the factual predicate of his claims until late 2006, the court is not convinced that he exercised due diligence in investigating those claims during the five years following his conviction. *See, e.g. Hawthorne v. Miller*, No. 02-30956, 78 Fed.Appx. 997 (5th Cir. Oct. 29, 2003) (affirming dismissal of federal writ on limitations grounds where petitioner failed to show that he could not have previously discovered that counsel misinformed him as to good time credit eligibility); *Savedra v. Dretke*, No. 3-03-CV-1789-G, 2005 WL 900949 at *3 (N.D. Tex. Apr. 19, 2005) (petitioner failed to show that he could not have discovered factual predicate of claim prior to date of actual discovery). Nor is petitioner excused from exercising due diligence because the trial court would not authorize funds for him to conduct discovery.

---

[2] Petitioner has provided the court with a motion for a psychiatric evaluation filed by his attorney in a Delaware case sometime in 2000. Even if the Delaware court granted that motion and ordered petitioner to undergo a psychiatric evaluation to determine his competency, there is absolutely no evidence that petitioner lacked the mental capacity to pursue post-conviction remedies in *this case*. *See Hennington*, 2001 WL 210405 at *4 ("The mere fact that Hennington may have suffered with mental ailments and/or suffered from a drug or alcohol addiction before the entry of his guilty plea, and possibly thereafter, including the time of the one-year limitations period, is insufficient to show that his mental illness rendered him unable to pursue his legal rights during the relevant time period."). This is particularly true given that petitioner filed three state writs between January 2002 and August 2004.

Finally, petitioner claims that he has encountered problems in mailing unspecified legal documents while in prison and that he has difficulty writing. Without proof that plaintiff was actively misled by prison or state officials or prevented in some extraordinary way from asserting his rights in a timely manner, he is not entitled to equitable tolling. *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001).

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 18, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE